UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10-CV-6-H

**PAMELA PANTER** *et al.*                                                                                    **PLAINTIFF**

**v.**

**MICHAEL P. MCINTYRE** *et al.*                                                                          **DEFENDANTS**

## MEMORANDUM & OPINION

Claimants Sidney T. Lewis and Yvonne D. Lewis, acting *pro se,* filed a notice of removal of a Jefferson Circuit Court action, Case No. 01-CI-2109 (DN 1).[1]

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of

---

[1] The Jefferson County action was filed as a class action. From documents submitted by Defendants, it appears that the state court conditionally certified the class for the purposes of settlement. Defendants maintain that the Lewises opted out of the class. It is unclear from the documents submitted by the Lewises whether they believe that they are current members of the class or not. The Court makes no finding regarding the Lewises status in relation to the class because it is not relevant to the Court's jurisdictional analysis.

their own jurisdiction." *Douglas,* 50 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Upon review of the notice of removal, the Court has determined that it lacks subject matter jurisdiction over this action. Plaintiffs/Claimants state that they are removing this action pursuant to the First and Fourteenth Amendments to the United States Constitution as well as 28 U.S.C. §§ 452, 1291, and 1343(a). None of the cited authorities govern removal.

Removal of a civil action is governed by 28 U.S.C. § 1441. This section states in relevant part:

> a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

*Id.* "As the statutory language makes plain, only 'the defendant or the defendants' may remove under § 1441(a)." *First Nat'l Bank of Pulaski v. Curry,* 301 F.3d 456, 461 (6th Cir. 2002). Indeed, it has long been recognized that, "[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court." *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972). The fact that the action is a class action/putative class action does not alter the Court's conclusion. While Congress expanded federal jurisdiction over class actions by enacting the Class Action Fairness Act, 28 U.S.C. §1453, it did so by "doing away with the nonaggregation rule and providing for minimal diversity." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008). "There is no indication in the language of §1453(b) (or in the limited legislative history) that Congress intended to alter the traditional rule that only an original defendant may remove." *Id.*

In sum, Plaintiffs/Claimants lack the authority under 28 U.S.C. § 1441 to remove from state to federal court.

Section 1443 also allows for removal of certain civil rights cases. While Plaintiffs/Claimants' removal papers are not the model of clarity, it does not appear to this Court that the underlying action is a civil rights case. Nevertheless, even it were, the Court observes that § 1443 also limits removal to defendants. *See* 28 U.S.C. § 1443.

Plaintiffs/Claimants also cite to a series of Sixth Circuit Court of Appeals decisions that they apparently contend provide a jurisdictional ground for their removal. The cases appear to relate to appeals that Plaintiffs/Claimants filed challenging dismissals of cases that they filed in the Southern District of Ohio. The cases in no way permit Plaintiffs/Claimants to pursue removal of a Kentucky state court action to the Western District of Kentucky.

For the reasons set forth above, the Court must remand this action to state court. The Court will enter an Order of Remand consistent with this Memorandum Opinion.

Date:

cc: Plaintiffs/Claimants Sidney T. Lewis and Yvonne T. Lewis, 1875 Alvason Ave. Columbus, OH 43219
Joseph N. Tucker, Dinsmore & Shohl LLP, 500 West Jefferson St., Suite 1400, Louisville , KY 40202
Mark K. Gray and Mathew L. White, Gray & White, 505 West Ormsby Avenue, Louisville, KY 40203
Clerk, Jefferson Circuit Court (Civil Action No. 01-CI-2109)

4412.008